IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAY CHRIS MOBLEY,
    Plaintiff,

vs.                                                  Case No.: 3:11cv233/MCR/EMT

SANTA ROSA COUNTY JAIL MEDICAL
DEPT., et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This cause is before the court upon referral from the clerk.  Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1).  Plaintiff subsequently filed an amended complaint (doc. 9).

        Plaintiff has filed forty-six (46) cases in the Northern District of Florida.  Forty (40) of his cases have been filed since March of 2011.  Many of Plaintiff's cases contain overlapping claims or allegations that stem from the same incident or operative facts, and in fact several cases have been dismissed because of this (*see, e.g*, 5:11cv284/MP/GRJ, dismissed after Plaintiff failed to show cause why the case should not be dismissed as duplicative; 5:11cv205/RH/GRJ, same; 5:11cv200/RH/GRJ, same; 5:11cv182/RS/GRJ, same; 5:11cv176/RH/GRJ, same).  Fourteen of Plaintiff's cases are currently pending before the undersigned.[1]

        As early as September of 2011, Plaintiff indicated that he would be meeting with an attorney, Marie Mattox, for assistance with his litigation efforts (*see* 3:11cv148/RV/EMT, doc. 18).  This meeting apparently did not come to fruition until November 19, 2011 (*see* 3:11cv148/RV/EMT, doc. 22 at 2).  Most recently, Plaintiff has indicated that Ms. Mattox "does not wish to be the attorney of record" but does wish to assist him in some of this cases (*see* 5:09cv342/MCR/EMT, doc. 39 at

---

[1] 3:11cv147/MCR/EMT;   3:11cv148/RV/EMT;   3:11cv179/LAC/EMT;   3:11cv229/LAC/EMT; 3:11cv231/WS/EMT;   3:11cv233/MCR/EMT; 3:11cv291/MCR/EMT; 5:09cv342/MCR/EMT; 5:10cv34/RS/EMT; 5:11cv108/RS/EMT; 5:11cv171/RH/EMT; 5:11cv178/RS/EMT; 5:11cv183/RS/EMT; and 5:11cv202/RS/EMT.

2). Plaintiff has indicated his intent to voluntarily dismiss any cases that Ms. Mattox believed failed to state a claim (*see* 3:11cv148/RV/EMT, doc. 22 at 3). Although Plaintiff's last request for an extension of time was granted through December 23, 2011, as of the date of this recommendation, he has failed to timely file his second amended complaint in this or any of the 13 other cases addressed in the court's order, file a motion for voluntary dismissal, or take any other action.[2]

This court has been more than generous in allowing Plaintiff extensions of time to sort through the morass of pending litigation and file his amended complaints. Plaintiff was first directed to file a second amended complaint on August 23, 2011 (doc. 14). Further delay is unwarranted. It appears at this time that Plaintiff is simply unprepared to litigate the volume of cases he has pending in the manner in which they have been filed. Therefore, dismissal without prejudice is warranted.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED without prejudice** for Plaintiff's failure to prosecute or failure to comply with an order of the court.

At Pensacola, Florida, this 11th day of January 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[2] After multiple requests for a "continuance" had already been granted, in December 9, 2011, the undersigned granted Plaintiff's request for a continuance in thirteen of his pending cases by way of a single order that was docketed separately in each action.